UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TOOLA O. TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-3309 |
| JUSTIN HUNZIKER, | ) |
| Defendant. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Western Illinois Correctional Center. He asks for leave to file an amended complaint, which is granted. The amended complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

   Plaintiff alleges that he has a reputation for filing grievances concerning staff misconduct. On June 12, 2015, Officer Hunziker delivered one of Plaintiff's grievances to Plaintiff, which had been returned to Plaintiff through the institutional mail. Officer Hunziker remarked that he did not like the fact that Plaintiff wrote grievances. Plaintiff then wrote a grievance against Officer Hunziker based on this remark because Plaintiff feared that Officer Hunziker might try to cause problems for Plaintiff.

   On October 3, 2015, Officer Hunziker allegedly came to search Plaintiff's cell. Plaintiff told Officer Hunziker that someone else should conduct the search given the history between Plaintiff and Officer Hunziker, but Officer Hunziker just laughed. Officer Hunziker then allegedly took a long period of time to search and ransack Plaintiff's belongings, damaged Plaintiff's fan, and dumped Plaintiff's coffee in the toilet. Officer Hunziker then confiscated the fan and wrote Plaintiff a false disciplinary report for altering his fan.

Meanwhile, the property of Plaintiff's cellmate was allegedly left untouched.

These allegations state a plausible claim for retaliation for the exercise of Plaintiff's First Amendment right to grieve staff misconduct. Watkins v. Kasper, 599 F.3d 791, 798 (7th Cir.2010)("A prisoner has a First Amendment right to make grievances about conditions of confinement."). Accordingly, this case will proceed for service per the standard procedures.

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a constitutional claim for retaliation for the exercise of Plaintiff's First Amendment right to grieve staff misconduct. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)   This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **Plaintiff's motion to refile his complaint and motion to file an amended complaint are granted (5, 6).**

12) **The clerk is directed to separately docket the amended/corrected complaint.**

13) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:   January 13, 2017

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE