IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOOLA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-CV-3309 |
| | ) | |
| JUSTIN HUNZIKER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge**.

Plaintiff, proceeding pro se from his incarceration in Western Illinois Correctional Center, pursues a retaliation claim against Correctional Officer Hunziker. Plaintiff maintains that Officer Hunziker had been looking for an opportunity to retaliate against Plaintiff after Plaintiff filed a grievance against Hunziker. That opportunity came about three months after Plaintiff filed the grievance, when Officer Hunziker conducted a shakedown of Plaintiff's cell. According to Plaintiff, Officer Hunziker broke Plaintiff's fan, dumped Plaintiff's new bag of coffee in the toilet, and took an earphone extension. Hunziker then purportedly wrote a

disciplinary report based on the broken fan, and Plaintiff was punished.[1]

Officer Hunziker moves for summary judgment, but resolving the case in his favor would require resolving disputed material facts in his favor. Officer Hunziker denies breaking the fan or destroying any property, but Plaintiff maintains that the fan was in perfect shape before Hunziker searched the cell and broken thereafter. (Plaintiff was ordered to sit in another room and could not observe the search.) Similarly, Plaintiff has personal knowledge that his new bag of coffee was not in the toilet before the search but was after the search. And, Plaintiff's cellmate at the time provides a corroborating affidavit. Drawing inferences in Plaintiff's favor, Officer Hunziker broke Plaintiff's fan, dumped Plaintiff's coffee in the toilet, and, possibly, took Plaintiff's earphone extension.

Officer Hunziker argues that no evidence suggests that he was motivated by retaliation for Plaintiff's grievance filed three months earlier. The time lag may make the inference of retaliatory motive weaker but not nonexistent. According to Plaintiff, the friction

---

[1] The Court does not see the disciplinary report or the disciplinary committee findings in the record.

between Officer Hunziker had been building before Plaintiff wrote his grievance. If Plaintiff is believed, Officer Hunziker told Plaintiff that Officer Hunziker did not like the fact that Plaintiff filed grievances. Officer Hunziker does not deny that he knew about the grievance Plaintiff filed against him regarding this conversation. Additionally, Officer Hunziker was allegedly smiling when he brought the broken fan to Plaintiff and also later grinned when he asked Plaintiff's cellmate if Plaintiff was upset about the broken fan. (Vaughn Aff. para. 12.) On this record, a rational juror could find that Officer Hunziker was motivated, at least in part, by a desire to retaliate against Plaintiff for Plaintiff's grievance against Officer Hunziker. Further, a rational juror could find that destroying an inmate's property is a sufficiently adverse action to deter an ordinary prisoner from filing grievances.

Officer Hunziker also argues for qualified immunity, but that argument depends upon resolving disputed material facts in his favor, which the Court cannot do. Gutierrez v. Kermon, 722 F.3d 1003, 1010 (7th Cir. 2013)(defendant cannot obtain qualified immunity based on his version of disputed facts).

Summary judgment is, therefore, denied, but the Court would like to make an observation. This case should settle. Plaintiff cannot obtain compensatory damages for emotional suffering, 42 U.S.C. § 1997e(e), meaning that his compensatory damages are likely limited to the value of the fan, coffee, and earphone extension. Punitive damages would possibly be available, but punitive damages generally need to be proportional to the compensatory damages awarded. For example, an award of $100 in compensatory damages might support an award of $500 in punitive damages. *See* State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003)("[I]n practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.")(citing cases awarding punitive damages awards of 2, 3, and 4 times compensatory damages). These are issues that can be explored in the settlement conference.

**IT IS ORDERED:**

    1.    Defendant's motion for summary judgment is denied. (d/e 26.)

    2.    This case is referred to the Magistrate Judge for a settlement conference.

3. The clerk is directed to notify Magistrate Judge Schanzle-Haskins of the referral of this case for a settlement conference.

4. Final pretrial and trial dates will be set if the case does not settle.

ENTER: September 10, 2018

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE