# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TOOLA O. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-3309-SEM-TSH |
| | ) |
| JUSTIN HAMMERS, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**TOM SCHANZLE-HASKINS, U.S. Magistrate Judge.**

This cause has been referred the undersigned for a Report and Recommendation on the Motion to Enforce Settlement Agreement filed by Defendant (d/e 44). The undersigned recommends that the Motion to Enforce Settlement Agreement be GRANTED on the terms set forth below.

## BACKGROUND

Pro se Plaintiff Toola Taylor filed this action alleging a First Amendment retaliation claim against Defendant Justin Hammers. Plaintiff maintains that Defendant damaged Plaintiff's fan, dumped Plaintiff's coffee in the toilet, and otherwise ransacked Plaintiff's prison cell during a search, all in retaliation for a grievance Plaintiff

had filed against Defendant. The claim survived summary judgment, but Judge Myerscough noted in that order that the claim should settle (d/e 38), and the case was referred to the undersigned for a settlement conference.

On November 1, 2018, the settlement conference was held and the parties reached a settlement agreement. The Court recorded the material terms of the settlement.[1] The Court has reviewed the recording. The material terms of the settlement were that Plaintiff would dismiss this case if the Court entered an order striking Plaintiff's obligation to pay the remainder of the filing fee in this case, which at that time was $344.10. The Court stated that an order discharging Plaintiff's obligation on the filing fee balance would be entered after a signed stipulation of dismissal was filed. (11/1/18 text order.)

Defense counsel prepared a stipulation of dismissal and sent the stipulation to Plaintiff, per the Court's direction. Plaintiff, however, refused to sign the stipulation and still refuses to sign the stipulation. Plaintiff maintains that he agreed to dismiss the case

---

[1] The recording of the November 1, 2018 settlement terms is available for transcription if necessary.

only if Defendant personally paid the filing fee balance, as Plaintiff had offered in a letter to defense counsel dated October 16, 2018. (d/e 45, p. 4.)

## ANALYSIS

This Court has the inherent power to enforce a completed settlement agreement, provided that jurisdiction exists. Wilson v. Wilson, 46 F.3d 660, 664 (7th Cir. 1995). This case is currently pending before this Court; judgment has not been entered, and the case has not been dismissed. The Court has jurisdiction over this matter.

When a settlement agreement is reached in open court the settlement agreement is seen as a final and complete resolution of the case. Herron v. City of Chicago, 618 F. Supp. 1405, 1407 (N.D. Ill. 1985). A settlement agreement is enforced as any other contract, applying state law. *See* Dillard v. Starcon intern., Inc., 483 F.3d 502, 506-07 (7th Cir. 2007)(state law controls enforcement of settlement agreements, even if the underlying claims are based on federal law); Carr v. Runyan, 89 F.3d 327, 331 (7th Cir. 1996).

Oral settlement agreements are enforceable under Illinois law so long as there has been a clearly defined offer, acceptance, and a

meeting of the minds.  Dillard, 483 F.3d at 507; Wilson, 46 F.3d at 666; Kim v. Alvey, Inc., 322 Ill. App. 3d 657, 669 (2001).  Whether a meeting of the minds occurred depends on the parties' objective conduct rather than their subjective beliefs.  Dillard, 483 F.3d at 507.  Such oral agreements are enforceable as long as their terms are sufficiently definite, even if the parties did not spell out nonessential details.  Wilson, 46 F.3d at 667.

Plaintiff asserts that his understanding of the agreement was that Defendant would personally pay the filing fee balance.  Plaintiff states  that he never intended to allow Defendant to avoid all personal responsibility.  Plaintiff maintains that his impression was that the Court had to strike Plaintiff's obligation to pay the filing fee in order to allow the fee to be paid by Defendant.

 The recording of the terms of the settlement clearly contradict Plaintiff's assertions.  Those terms were simple:  Plaintiff agreed to stipulate to dismiss the case in return for the Court striking Plaintiff's obligation to pay the filing fee balance.  Plaintiff agreed on the record to those terms with no mention of Defendant paying the filing fee balance.  That Plaintiff made a prior written offer to dismiss this case if Defendant paid the filing fee to the Court does

not change the terms of the settlement agreement reached by the parties.

**IT IS, THEREFORE, RECOMMENDED** that based upon the authority cited above, the parties had a binding oral settlement on the following terms:

1. The parties shall file a signed stipulation of dismissal;
2. Upon the filing of the stipulation of dismissal, the Court will enter an order striking Plaintiff's obligation to pay the balance of the filing fee in this case, which is currently $322.47.  This case will then be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED THAT if the parties do not file a stipulation of dismissal by August 31, 2019, then this case will be dismissed with prejudice pursuant to the settlement agreement, and Plaintiff's obligation to pay the filing fee balance will be struck.**

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  Failure to object timely

will constitute a waiver of objection on appeal.  <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

**ENTERED:  8/9/2019**

                            <u>  s/Tom Schanzle-Haskins    </u>
                            **TOM SCHANZLE-HASKINS**
                            **UNITED STATES MAGISTRATE JUDGE**